**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Universal Hospitality, Inc., a Texas corporation; and Harish L. Patel, an individual,<br><br>　　　　Defendants. | No. CV-08-91-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Pending before the Court are Plaintiff Best Western International, Inc.'s motion for preliminary injunction and motion for default judgment. Dkt. ##4, 12. The Court will grant the motion for default judgment and deny the motion for preliminary injunction as moot.

**I.    Background.**

Plaintiff's verified complaint asserts nine claims against Defendants arising out of the parties' Best Western Membership Agreement and Defendants' use of Plaintiff's trademarks and service marks: breach of contract, open account, breach of contract – post-termination use of trademarks, federal trademark infringement, federal false designation of origin and unfair competition, federal trademark dilution, unfair competition under Arizona law, trademark dilution under Arizona law, and common law trademark infringement. Dkt. #1 ¶¶ 33-76. The complaint seeks damages, injunctive relief, and attorneys' fees and costs. *Id.* at 14-18.

Defendants were served with process on January 26, 2008. Dkt. ##8-9. Defendants failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. The Clerk entered Defendants' default pursuant to Rule 55(a). Dkt. #11.

**II.    Discussion.**

Pursuant to Rule 55(b)(2), Plaintiff seeks the following default judgment: (1) damages on Counts I and II in the amount of $25,351.70, plus interest at the rate of 1.5% per month from February 1, 2008, (2) damages on Count III in the amount of $65,278.00, (3) a permanent injunction on Counts V through IX that enjoins Defendants and their representatives from using Plaintiff's marks, and (4) attorneys' fees and costs on all counts in the amount of $2,961.08. Dkt. #12 ¶ 5.[1]

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

**A.    Possible Prejudice to Plaintiff.**

The first *Eitel* factor weighs in favor of granting Plaintiff's motion because Plaintiff will be prejudiced if default judgment is not entered. Plaintiff served process on Defendants

---

[1] Plaintiff's motion does not seek default judgment with respect to Count IV, federal trademark infringement. Dkt. #12 ¶ 5; *see* Dkt. #1 ¶¶ 48-53. The motion seeks default judgment with respect to "Counts X and XI," but no such counts are plead in the complaint. *See* Dkt. #1. The motion also refers to different defendants in paragraph five. Plaintiff's counsel shall exercise greater care and pay more attention to detail in future filings with this Court.

- 2 -

more than three months ago. Dkt. ##8-9. Defendants have not answered the complaint or otherwise appeared in this action. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Moreover, given the Court's finding below that Plaintiff has stated valid trademark infringement and unfair competition claims against Defendants, Plaintiff "undeniably would be prejudiced absent the entry of permanent injunctive relief [by] default judgment." *PepsiCo, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1116 (S.D. Fla. 2007).

### B. The Merits of Plaintiff's Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards of Rule 8. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)). A review of Plaintiff's verified complaint and the exhibits attached thereto shows that Plaintiff has stated valid contract, trademark, and unfair competition claims against Defendants. *See* Dkt. #1. The second and third *Eitel* factors favor a default judgment.

### C. The Amount of Money at Stake.

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. Plaintiff seeks $25,351.70 for unpaid charges on Defendant's Best Western account, $65,278.00 in liquidated damages for Defendants' post-termination use of Plaintiff's trademarks, and attorneys' fees and costs in the amount of $2,961.08. Dkt. #12 ¶ 5. Given the willfulness of Defendants' conduct (*see* Dkt. #1 ¶¶ 26-32 & Ex. 2), and the difficulty of proving actual damages on the trademark and unfair competition claims, the Court finds that the amount of the requested default judgment damages is reasonable. *See Best W. Int'l, Inc. v. Oasis Invs., L.P.*, 398 F. Supp. 2d 1075, 1081 (D. Ariz. 2005) (finding a liquidated damages clause enforceable where the defendant did not contest the reasonableness of the amount and it would be very difficult for the plaintiff to accurately estimate the damages

caused by the defendant's infringing conduct); *Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at *1 (N.D. Cal. Dec. 15, 1997) (amount of money at stake was reasonable where it was contractually justified). The Court further finds that the amount of the requested fee award is reasonable.

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

### E. Whether Default Was Due to Excusable Neglect.

Defendants were properly served with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Dkt. ##8-9. It therefore is "unlikely that [Defendants'] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

### F. The Policy Favoring a Decision on the Merits.

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court therefore is not precluded from entering default judgment against Defendants. *See id.*; *Gemmel*, 2008 WL 65604 at *5.

### G. Conclusion.

Having reviewed Plaintiff's motion and supporting documents, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate. The Court will (1) grant default judgment on Counts I and II in the amount of $25,351.70, plus interest at the rate of 1.5% per month from February 1, 2008 (*see* Dkt. ##1 ¶¶ 33-41, 13 at 6-10), (2) grant default judgment on Count III in the amount of $65,268.00

(*see* Dkt. ##1 ¶¶ 43-46, 13 at 12-16),  (3) grant injunctive relief on Counts V through IX (*see* Dkt. #1 at 11-18), and (4) award Plaintiff $2,961.08 in attorneys' fees and costs (*see* Dkt. #12 at 4-7).[2]

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Dkt. #12) is **granted**.

2. Default judgment is entered in favor of Plaintiff and against Defendants on Counts I and II of the complaint in the amount of **$25,351.70**, plus interest at the rate of 1.5% per month from February 1, 2008 until paid in full.

3. Default judgment is entered in favor of Plaintiff and against Defendants on Counts III of the complaint in the amount of **$65,268.00**.

4. Default judgment is entered in favor of Plaintiff and against Defendants on Counts V through IX of the complaint.  Defendants and any other persons or entities acting on behalf of or in concert with Defendants are **permanently enjoined** from:

    a. Using, displaying, advertising, or authorizing any other person to use, display, or advertise Plaintiff's "Best Western" trademarks and service marks.

    b. Using, displaying, advertising, or authorizing any other person to use, display, or advertise any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's "Best Western" trademarks and service marks in any manner likely to cause confusion, mistake, or deception as to the identity or source thereof.

    c. Committing any acts intentionally calculated to cause others to believe that Defendants are in any way connected to, associated with, or

---

[2]Plaintiff's request for $65,278 on Count III appears to based on a calculation error. Plaintiff has presented evidence that Defendants improperly used Plaintiff's marks for 60 days, from October 26 to December 24, 2007.  *See* Dkt. #13 ¶ 9.  At the rate of $1,087.80 per day (*see id.* ¶ 11), Plaintiff's liquidated damages total $65,268 – not $65,278.

- 5 -

sponsored by Plaintiff.

5. Plaintiff is awarded attorneys' fees and costs in the amount of **$2,961.08**.

6. Plaintiff's motion for preliminary injunction (Dkt. #4) is **denied** as moot.

DATED this 8th day of May, 2008.

_____
David G. Campbell
United States District Judge